IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| George Holmes, | ) C/A No.: 9:14-cv-3829-TMC-WWD ) |
| Plaintiff, | ) ) **REPORT AND RECOMMENDATION** |
| v. | ) ) |
| Jessica Saxon, *Public Defender*; Trasic Campbell, *Chief Public Defender*; and Clerk of Court of Beaufort County, | ) ) ) ) |
| Defendants. | ) ) ) |

Plaintiff George Holmes ("Plaintiff" or "Holmes"), proceeding pro se and in forma pauperis, brings this civil action against Jessica Saxon, Public Defender; Trasic Campbell, Chief Public Defender; and the Clerk of Court of Beaufort County. (See generally Dkt. No. 1.) Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned recommends that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process, for the reasons stated below.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint

herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke, 490 U.S. 319.

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff, who is currently detained at the Beaufort County Detention Center, states that he seeks to litigate the following issues: "Sixth Amendment, S.C. Code 17-23-90 Speedy Trial, false imprisonment, constitutional rights, [and] ineffective assistance of

2

counsel." (Dkt. No. 1 at 2 of 5.) As noted above, Plaintiff named the Clerk of Court of Beaufort County, as well as two attorneys at the Public Defender's Office, as Defendants. (See generally Compl.)

Plaintiff alleges that on July 14, 2014, while at Beaufort County Detention Center-General Sessions Court, he "was granted a speedy trial by Judge Buckner." (Dkt. No. 1 at 3 of 5.) He complains that his public defender, Ms. Saxon, has been ineffective "the whole [time] she'[s] represented" him. (Id.) Plaintiff alleges that Ms. Saxon "promise[d]" him in March that she would "get [him] home on a OR bond reduction for the month of March and take good care of [him]." (Id.) He further alleges he has written numerous "requests and complaints" to Ms. Saxon, the Beaufort County Clerk of Court, the Solicitor, the Chief Public Defender, and Judge Buckner. (Id.) Plaintiff complains that Ms. Saxon has violated his right to a speedy trial; Plaintiff states, "This is a violation of Sixth Amendment-false imprisonment." (Id.)

In the "Relief" section of his Complaint, Plaintiff states that he seeks monetary damages, as well as (a) to have the criminal charges against him dismissed, (b) for Ms. Saxon to be "discharged" from Plaintiff's cases, and (c) for Ms. Saxon to lose her job and law license. (Dkt. No. 1 at 5 of 5.)

## DISCUSSION

The undersigned recommends summarily dismissing Plaintiff's Complaint. A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States

3

was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Neither Defendant Saxon, Plaintiff's public defender, nor Defendant Campbell, the Chief Public Defender, are acting under the color of state law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under § 1983. See Polk County v. Dodson, 454 U.S. 312, 317-25 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney). Defendants Saxon and Campbell should therefore be dismissed.

Plaintiff's claim against Defendant Beaufort County Clerk of Court is also subject to summary dismissal. Neither monetary damages nor injunctive relief is available against Defendant Beaufort County Clerk of Court. See Mireles v. Waco, 502 U.S. 9 (1991); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." (citations omitted)); Donato Malave v. Abrams, 547 F. App'x 346, 347 (4th Cir. 2013) (noting that the precedent established by Pulliam v. Allen, 466 U.S. 522 (1984), was "abrogated by the Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, 110 Stat. 3847, which amended § 1983 and provided that 'injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable'" (citation omitted)); Jackson v. Houck, 181 F. App'x 372 (4th Cir. 2006) (judicial law clerk entitled to immunity for following the directive of a judge); Lawrence v. Kuenhold, 271 F. App'x 763, 766 & n.6 (10th Cir. 2008); Wymore v. Green, 245 F. App'x 780, 783 (10th Cir. 2007) (affirming district court's grant of absolute quasi-judicial immunity to the state court

4

clerk, who allegedly refused to file the prisoner's court documents); Roth v. King, 449 F.3d 1272, 1286 (D.C. Cir. 2006); Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) (barring injunctive relief against a quasi-judicial official).

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

*/s/ Wallace W. Dixon*
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

November 19, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).